# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4882 | **DATE** | November 14, 2002 |
| **CASE TITLE** | *The Allant Group, Incorporated vs. Ascendes Corporation d/b/a MarketTouch* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court denies plaintiff The Allant Group, Incorporated's Motion to Dismiss [10-1]. Plaintiff has ten days, to December 2, 2002, to answer defendant's counterclaim. No motions for reconsideration will be entertained.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 15 2002 | |
| | Notified counsel by telephone. | | date docketed | 20 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | CW | courtroom deputy's initials | 02 NOV 14 PM 4:47 | date mailed notice |
| | | | Date/Time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE ALLANT GROUP, INCORPORATED, an Illinois corporation, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 02 C 4882 ) |
| ASCENDES CORPORATION d/b/a MARKETTOUCH, a Georgia corporation, | ) Judge James H. Alesia ) ) ) |
| Defendant. | ) |

DOCKETED
NOV 15 2002

## MEMORANDUM OPINION AND ORDER

Before the court is plaintiff's motion to dismiss defendant's counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the following reasons, the court denies plaintiff's motion.

### I. BACKGROUND

The following facts are taken from defendant's counterclaim and are assumed to be true for purposes of plaintiff's motion to dismiss the counterclaim. Plaintiff The Allant Group, Incorporated ("Allant") entered into an agreement with defendant Ascendes Corporation, d/b/a MarketTouch ("MarketTouch"). Under the terms of that agreement, Allant provided data processing services to customers of MarketTouch. However, Allant has not been paid in full for those services.

Throughout the business relationship between Allant and MarketTouch, MarketTouch's customer for Allant's services was Financial Marketing, Incorporated ("FMI"). During that



time, FMI was acting as a broker for WorldCom Wireless ("WorldCom"), which was the end user for Allant's services. Allant was aware of the relationship between MarketTouch, FMI, and WorldCom.

Allant and MarketTouch agreed that FMI would be solely responsible for paying Allant for its services, and that MarketTouch would not be liable for those payments. Allant knew that, because of the business relationship between MarketTouch, FMI, and WorldCom, WorldCom would pay FMI, which, in turn would pay MarketTouch for Allant's services. Allant understood that MarketTouch would then retain its commission from FMI's payments and then pay the appropriate amount to Allant.

Allant understood that, due to WorldCom's payment practices, it would receive payment within ninety days of submitting an invoice to WorldCom. Allant informed MarketTouch that WorldCom's payment practices could cause accounting problems for Allant if those accounts receivable went out past ninety days. Therefore, at Allant's request, MarketTouch agreed, on occasion, to cover certain invoices that went out past ninety days. However, MarketTouch agreed to do so only as an accommodation to Allant.

Consequently, MarketTouch advanced $160,123.13 to Allant as an accommodation. MarketTouch did so despite the fact that it had not been paid by FMI and that FMI had not been paid by WorldCom. Allant understood that this advance was an accommodation and that it would have to repay MarketTouch if MarketTouch did not receive payment from FMI. FMI has not paid MarketTouch and, therefore, MarketTouch is seeking to recover the $160,123.13 that it advanced Allant.

2

Allant brings this case, seeking payment of outstanding amounts that it is owed for its services that it provided to WorldCom. Because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, the court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). MarketTouch has filed a counterclaim, alleging that Allant is being unjustly enriched by the money that MarketTouch advanced to Allant. Allant has filed the instant motion to dismiss MarketTouch's counterclaim.

## II. DISCUSSION

### A. Standard for Deciding a Rule 12(b)(6) Motion to Dismiss

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the allegations. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the non-moving party to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

Also, according to Federal Rule of Civil Procedure 10(c), "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." FED. R. CIV. P. 10(c). The Seventh Circuit has interpreted "written instrument" as including contracts. *N. Ind. Gun & Outdoor Shows v. City of South Bend*, 163 F.3d 449, 453 (7th Cir. 1998). Accordingly,

3

in ruling on Allant's motion to dismiss, the court will consider the purchase order attached to MarketTouch's counterclaim as Exhibit A.

## B. Allant's Motion to Dismiss

Allant argues that MarketTouch fails to state a claim for unjust enrichment. MarketTouch argues in response that it would be unjust for Allant to retain the $160,123.13 because it advanced that money to Allant solely as an accommodation.

In Illinois, a claim for unjust enrichment exists when a defendant: (1) receives a benefit; (2) to the plaintiff's detriment; and (3) the defendant's retention of that benefit would be unjust. *TRW Title Ins. Co. v. Sec. Union Title Ins. Co.*, 153 F.3d 822, 829 (7th Cir. 1998) (citing *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989)). Allant argues that MarketTouch has failed to plead sufficiently all three of the elements of unjust enrichment. The court will examine each of Allant's arguments in turn.

First, Allant argues that it did not receive a benefit when MarketTouch advanced it the $160,123.13. Allant points to the fact that its balance sheet assets remained the same upon receiving the payment because its cash increased in that amount but its accounts receivable decreased by the same amount. Although this may be true, the purpose of a motion to dismiss under Rule 12(b)(6) is only to test the sufficiency of the allegations. *Szabo v. Bridgeport Mechs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). MarketTouch's counterclaim includes no allegations regarding the accounting implications of this transaction, and therefore, the court may not consider Allant's fact-based argument. Moreover, Illinois courts have noted that saving another party from financial loss can constitute a benefit, for purposes of unjust enrichment. *People ex*

*rel. Daley v. Warren Motors, Inc.*, 483 N.E.2d 427, 432 (Ill. App. Ct. 1985) (citing RESTATEMENT OF RESTITUTION § 1, Com. b (1937)). Therefore, the court concludes that MarketTouch has alleged sufficiently that its payment provided a benefit to Allant.

Second, Allant argues that MarketTouch suffered no detriment when it advanced the $160,123.13 because MarketTouch's assets remained the same. Again, this is not a proper argument for the court to consider in reviewing this motion to dismiss, because the court is limited to reviewing the sufficiency of MarketTouch's allegations. MarketTouch alleges that it advanced the money to Allant before receiving payment from FMI, thus incurring a detriment that it was not obliged to incur. Therefore, the court finds that MarketTouch sufficiently has alleged that it suffered a detriment in this case. *See NPF WL, Inc. v. Sotka*, No. 99 C 7966, 2000 WL 574527, at *10 (N.D. Ill. May 10, 2000) (holding that unjust enrichment plaintiff sufficiently alleged detriment where plaintiff alleged that it advanced money to defendant).

Third, Allant argues that it was not unjust for it to retain the $160,123.13 because it had performed its services and, therefore, was entitled to payment. MarketTouch argues in response that it would be unjust for Allant to retain the money because, although Allant was entitled to payment for the services, it was not entitled to payment from MarketTouch. MarketTouch emphasizes its agreement with Allant that FMI would be solely responsible for paying for the services that Allant provided and that MarketTouch would assume no liability for those payments. In support of its argument, MarketTouch points to the express language of the purchase orders that it sent to Allant. The court must determine whether MarketTouch sufficiently has alleged that allowing Allant to keep the money would "violate the fundamental

principles of justice, equity, and good conscience." *Stephen & Hayes Constr. Inc. v. Meadowbrook Homes, Inc.*, 988 F. Supp. 1194, 1200 (N.D. Ill. 1998) (citing *HPI Health Care Servs., Inc.*, 545 N.E.2d at 679).

MarketTouch alleges that it was not obligated to pay Allant until FMI paid MarketTouch. Language at the bottom of the purchase order that is attached as Exhibit A to MarketTouch's counterclaim enumerates the terms and conditions that govern the order. Particularly, the purchase order states:

> [U]pon payment from the Customer, MarketTouch will bill its Customer on your behalf and, upon payment from the Customer, MarketTouch, will remit to you as List Owner's or List Manager / agent, less our standard commission, the balance of the payment made by Customer. MarketTouch acts only as Customer's limited agent in this transaction. The Customer is solely responsible for payment of this order and MarketTouch assumes no liability for any payments beyond sums collected from Customer, less its commission.

(Def.'s Ex. A.) The court finds that MarketTouch has alleged sufficiently that MarketTouch was not obligated to pay Allant until MarketTouch received payment from FMI. Furthermore, MarketTouch has alleged that Allant knew that it would have to repay MarketTouch if MarketTouch did not receive payment from FMI. Allant has cited no authority – nor has the court's own research revealed any – to support a conclusion that it would be just, as a matter of law, for it to retain the $160,123.13 that MarketTouch advanced it as an accommodation, even though MarketTouch was not obligated to make such an advance and Allant had agreed to repay MarketTouch. The court finds that MarketTouch has sufficiently alleged that it would violate the principles of justice, equity, and good conscience for Allant to retain the $160,123.13 that MarketTouch advanced to Allant as an accommodation with the expectation of repayment.

Consequently, the court concludes that MarketTouch sufficiently pleaded a claim for unjust enrichment. Therefore, the court denies Allant's motion to dismiss MarketTouch's counterclaim.

### III. CONCLUSION

For the foregoing reasons, the court denies plaintiff's motion to dismiss defendant's counterclaim.

Date: **NOV 14 2002**

James H. Alesia
United States District Judge